IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT CHANDLER, AS
REPRESENTATIVE OF THE ESTATE OF
ROSEMARY S. CHANDLER,
individually and on behalf of
all others similarly situated,

        Plaintiff,

    v.

WELLS FARGO BANK, N.A., and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION a/k/a FANNIE MAE,

        Defendants.

Case No. 11-03831 SC

ORDER GRANTING MOTION FOR
LEAVE TO AMEND AND DENYING
MOTION TO DISMISS AS MOOT

Now before the Court is Plaintiff Robert Chandler's ("Plaintiff") motion for leave to file an amended complaint. ECF No. 59 ("Mot."). The Motion is fully briefed, ECF Nos. 60 ("Opp'n"), 61 ("Reply"), and suitable for determination without oral argument per Civil Local Rule 7-1(b). For the reasons set forth below, the Motion is GRANTED.

Plaintiff brings this putative class action to enforce certain regulations concerning the federal Home Equity Conversion Mortgage ("HECM") program. Plaintiff alleges that Defendants Wells Fargo Bank, N.A. and Federal National Mortgage Association (collectively, "Defendants") violated the regulations by, inter alia, failing to

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1  provide borrowers with notice of their rights under the HECM

2  program.  In his original complaint, Plaintiff asserted causes of

3  action for declaratory relief, breach of contract, and violation of

4  California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code

5  § 17200, <u>et seq</u>.  ECF No. 1 ("Compl.").

6      Defendants moved to dismiss the Complaint, but the Court

7  deferred ruling on that motion pending the outcome of the parties'

8  mediation efforts.  In June 2013, the parties indicated that they

9  failed to reach a settlement.  ECF No. 57.  Before the Court could

10 take up Defendants' pending motion to dismiss, Plaintiff requested

11 permission to file a motion for leave to amend the Complaint.  The

12 Court granted Plaintiff's request, and the instant motion followed.

13     Plaintiff's proposed amendments would not add any new causes

14 of action.  Rather the amendments would (1) add additional

15 background facts concerning guidance issued by the U.S. Department

16 of Housing and Urban Development subsequent to the filing of the

17 initial complaint, (2) add additional information about the new

18 forms of notice used by Defendants, and (3) attempt to clarify the

19 relationship between the subject mortgage agreements and the

20 governing federal regulations and statutes.  Mot. at 2.

21     Under Federal Rule of Civil Procedure 15(a)(1), a party may

22 amend its pleading as a matter of course within twenty-one days

23 after serving it or twenty-one days after the filing of a

24 responsive pleading or a Rule 12(b), (e), or (f) motion.

25 Thereafter, "a party may amend its pleading only with the opposing

26 party's written consent or the court's leave."  Fed. R. Civ. P.

27 15(a)(2).  Rule 15(a)(2) provides that courts should "freely give

28 leave [to amend] when justice so requires," and the Ninth Circuit

has stressed Rule 15's policy of favoring amendments.  <u>Ascon</u>
<u>Props., Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989).
However, leave need not be granted "where the amendment of the
complaint would cause the opposing party undue prejudice, is sought
in bad faith, constitutes an exercise in futility, or creates undue
delay."  <u>Id.</u>

    Defendants argue that Plaintiff's proposed amendments are
futile.  The gravamen of the opposition is that both the Complaint
and the proposed amended complaint fail because the HECM
regulations do not require the notice that Plaintiff contends is
lacking.  Thus, Defendants are not just arguing that the proposed
amendments are futile, but also that Plaintiff's entire action
should be dismissed with prejudice.

    The Court is hesitant to turn a motion for leave to amend into
a motion to dismiss, and thus it declines to reach the merits of
Defendants' substantive arguments.  Accordingly, Plaintiff's motion
for leave to amend is GRANTED and Defendants' motion to dismiss is
DENIED as moot.  Nothing in this Order should be construed as a
rejection of the substantive arguments raised in Defendants'
opposition to the motion for leave to amend or Defendants' motion
to dismiss.  Plaintiff shall file his amended complaint within five
(5) days of the signature date of this Order.


    IT IS SO ORDERED.


    Dated: August 1, 2013

                                _____
                                UNITED STATES DISTRICT JUDGE